## JULIA LOKOT ET AL.

*vs.*

## ZONING BOARD OF APPEALS OF THE TOWN OF EAST HARTFORD

Superior Court　　　　Hartford County　　　File No. 64378

MEMORANDUM FILED APRIL 29, 1941.

*Ralph C. Dixon,* of Hartford, for the Plaintiffs.

*James J. O'Connor,* of Hartford, for the Defendant.

SIMPSON, J.　This is an appeal from the granting of a certificate of approval for the sale of alcoholic beverages at the premises at 8 Willow Street, East Hartford. Those premises are owned by Giacomina Montit, who made the application for the certificate of approval.

The plaintiffs (appellants) own the premises immediately adjoining No. 8 Willow Street and facing East Main Street. For some years prior to July, 1938, these premises had been used as a restaurant or grill, in which intoxicating liquors were sold. On July 1, 1938, the named plaintiff, who was then the sole owner of the premises, leased the premises to Mrs. Montit, for three years from November 1, 1938. The lease was made upon the express condition that it would not become effective unless Mrs. Montit was able to secure a license (permit) from the Liquor Control Board. Mrs. Montit secured the permit and occupied the premises as a restaurant or grill and sold alcoholic beverages therein until sometime after December 7, 1940, when she made an application to the Zoning Board of Appeals for the certificate of approval for the premises at No.

8 Willow Street, then owned by her. Prior to this time, and while she was occupying plaintiff's premises as a permittee, she erected a building on No. 8 Willow Street (which she had purchased) for the purpose of conducting a restaurant or grill therein.

The Zoning Regulations of the Town of East Hartford, as passed by the Town Council on October 25, 1938, provide, among other things, that in an industrial zone no building shall be used, erected or altered or designed to be used for the sale of intoxicating beverages to be consumed on the premises "if any part of such premises is situated (a) on any part of a lot having a frontage on either side of a public street within one thousand feet, as measured along the center line of such street or adjacent street, of any lot or plot having a frontage on such street or adjacent street, and used for the purpose of a place selling alcoholic beverages to be consumed on the premises."

The granting of the certificate of approval for the premises of Mrs. Montit by the board is directly contrary to this regulation. Section 3 of the regulations provides as follows: "The provisions of Sections 1 and 2 of this regulation may be modified by vote of not less than four members of the Zoning Board of Appeals present at a regularly called meeting when, in its judgment, the public convenience and welfare will be substantially served, and the appropriate use of neighboring property will not be substantially or permanently injured, after public notice and hearing and subject to appropriate conditions and safeguards."

The defendants claim the action of the board was justified under the regulation. Assuming that "public convenience or welfare" might have been considered in granting the certificate of approval, it does not appear that the board so found, nor is there any evidence before this court from which such a fact can be found, and on the contrary, there is evidence that the sale of alcoholic beverages on the Montit premises will substantially depreciate the value of the plaintiffs' premises and the rental value thereof.

Moreover, section 2 of the regulations provides as follows: "The provisions of this regulation shall not be deemed to be retroactive, except that where a place existing for the selling of alcoholic beverages to be consumed on the premises previously in use has been discontinued or has been inoperative

for a period of 30 days, such use shall not be resumed except in conformity with the regulation."

In view of this section, there is a serious question but that the transfer of the permit from plaintiffs' premises to the Montit premises will forever bar the plaintiffs' premises from being a place where alcoholic beverages may be sold.

The defendant introduced evidence tending to show that the Zoning Board of Appeals had evidence before it other than that indicated by the minutes of the meeting. This may be true, but the evidence, if any, is not before the court. The conclusion of fact reached by the board does not appear. This court must consider the evidence before it, and be guided there-by. *Strain vs. Mims,* 123 Conn. 275; *Levine vs. Zoning Board of Appeals of Meriden,* 124 id. 53, 58.

Upon the evidence before the court it appears that the giving of a certificate of approval of the Montit property as a place where alcoholic beverages could be sold is in violation of the regulations referred to above, and it cannot be found that public convenience and welfare justified the granting of the certificate of approval.

It is the conclusion of the court that the granting of the certificate of approval was contrary to law, and was discrimina-tory and arbitrary.

The appeal is therefore sustained.